UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JAMES ARTHUR COCKHREN and MARGARET LOUISE COCKHREN, | No. C 14cv2070 EJM |
| Plaintiffs, | ORDER |
| vs. | |
| RAYMOND H. TERPSTRA, | |
| Defendant. | |

This matter is before the court on defendant's resisted Motion to Dismiss, filed November 12, 2014. Dismissed

Plaintiffs bring this action against counsel for MidWestOne Bank (Bank) in the latest (eleventh) of a long line of legal filings, all unsuccessful, against the Bank and its agents. No jurisdictional authority is pled in the *pro se* complaint, although breach of a federal statute is pled.

The following is a list of the legal actions filed by the plaintiffs against the Bank and its agents:

(1) Lender Liability Petition filed by Mr. and Mrs. James Cockhren against the Bank and James Chizek, a former Bank employee, on December 11, 2007 in the Iowa District Court for Black Hawk County, Case No. CVCV104021. The case was dismissed on the Defendants' Motion for Summary Judgment on July 1, 2009.

(2) Counterclaim filed by Mr. and Mrs. James Cockhren against the Bank and James Chizek in a foreclosure proceeding in the Iowa District Court for Black Hawk County, EQCVI 04984, captioned by the counterclaim Plaintiffs as "Appearance, Answer and Jury Demand." The counterclaim was dismissed by the Court on September 9, 2010.

(3) Petition filed by Mr. and Mrs. James Cockhren against the Bank and James Chizek on April 7, 2010, in the Iowa District Court for Black Hawk County, LACV112367. The lawsuit was dismissed on June 30, 2011 on account of the Plaintiffs' lack of standing given the Chapter 7 bankruptcy filing by the Plaintiffs on March 22, 2011 in the United States Bankruptcy Court for the Northern District of Iowa, Case No. 11-00560.

(4) Mr. and Mrs. James Cockhren filed a Counterclaim against the Bank in the Iowa District Court for Black Hawk County in Case No. EQCV114957 on April 1, 2011. The counterclaim was captioned as an "Answer." Mr. and Mrs. James Cockhren filed a "Motion for Declaratory Judgment, Failure to Comply to 20-day Notice of Rescission, and Request for Relief for Violation of Regulation Z Provisions of TILA" on June 6, 2011. The Motion was directed against the Bank, James Chizek and Bill Roths. Bill Roths was a Bank employee. The counterclaim and the Motion were dismissed on June 30, 2011 on account of Mr. and Mrs. James Cockhrens' lack of standing. Mr. and Mrs. James Cockhren appealed to the Iowa Supreme Court on July 19, 2011, Case No. 11-11SO. The appeal was dismissed by the Supreme Court on the Bank's motion on September 10, 2012.

(5) Mr. and Mrs. James Cockhren filed a Motion for Declaratory Judgment, Failure to Comply to 20-day Notice of Rescission and Request for Relief for Violation of Regulation Z Provisions of TILA in the United States District Court, Northern District of Iowa on June 16, 2011. The Plaintiffs named the Bank, Bill Roths and James Chizek as Defendants, Case No. 11 cv 2027 EJM. The case was dismissed on April 5, 2012 when the Plaintiffs failed to file proof of service.

(6) Mr. and Mrs. James Cockhren filed a lawsuit against the Bank, James Chizek and Bill Roths in the United States District Court, Northern District of Iowa on June 15, 2012, Case No. 12 cv 2041 EJM. The lawsuit was dismissed on May 23, 2013 for failing to state a cause of action on which relief could be granted given the release of the Plaintiffs' claims against the Bank and the Bank's employees. The dismissal was appealed to the 8th Circuit, Case No. 12-2141. The dismissal was affirmed on August 7, 2012.

(7) Mr. and Mrs. James Cockhren filed a lawsuit against the Bank, James Chizek and Bill Roths on July 15, 2013 in the United States District Court for the Northern District of Iowa, Case No. 13 cv 2055 EJM. The lawsuit was dismissed on September 20, 2013 for failing to state a claim upon which relief could be granted given the release of Plaintiffs' claim against the Bank and the Bank's employees. Mr. and Mrs. James Cockhren appealed to the 8th Circuit Court of Appeals, Case No. 13-3294. The dismissal was affirmed on June 6, 2014. A petition for rehearing was filed by Mr. and Mrs. James Cockhren on June 23, 2014. The petition for rehearing was denied on July 16, 2014.

(8) Mr. and Mrs. James Cockhren filed an adversary proceeding against the Bank in their Chapter 7 bankruptcy proceeding heretofore pending in the U.S. Bankruptcy Court for the Northern District of Iowa, Case No. 11-00560, on November 4, 2013. The Bank filed a Motion to Dismiss which was granted after hearing on January 10, 2014. Mr. and Mrs. James Cockhren appealed to the 8th Circuit Bankruptcy Appellate Panel on February 14, 2014, Case No. 14-6015. The Bank filed a Motion to Dismiss the untimely appeal which was granted on June 3, 2014.

(9) Mr. and Mrs. James Cockhren filed a Petition against the Bank in the Iowa District Court on November 14, 2013, EQCV 123356. The Bank filed a Motion for Sanctions and to stay the proceeding pursuant to I.R.C.P. 1. 413(2). The Motion was granted under an Order dated January 16, 2014. Mr. and Mrs. James Cockhren were sanctioned for $1,000 for the frivolous filing and the action was stayed subject to Mr. and Mrs. James Cockhren posting a bond or cash in the sum of $20,000.00. Mr. and Mrs.

3

James Cockhren appealed the Order to the Iowa Supreme Court on March 19, 2014, Case No. 14-0308. The Bank moved to dismiss the untimely interlocutory appeal. The appeal was dismissed on May 16, 2014. The underlying action remains pending subject to the stay. A copy of the District Court's January 16, 2014 Order is attached as Exhibit "A" to the motion.

Most importantly, on March 22, 2011, the plaintiffs filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Northern District of Iowa, Case No. 11-00560. One of the assets of the case was the Debtors' alleged claims against the Bank, James Chizek and Bill Roths. On June 15, 2011, the Chapter 7 Bankruptcy Trustee, Michael C. Dunbar, filed a Motion for Approval of a compromise or settlement of controversy with the Bank. The Trustee requested Court authority to settle the Estate's claims against the Bank and all of the Bank's employees and agents in consideration of the sum of $5,000.00.

The plaintiffs resisted the Trustee's Motion. An evidentiary hearing was held on September 14, 2011. The Trustee appeared at the hearing. The Bank appeared by attorney H. Raymond Terpstra II, defendant in this action. The plaintiffs did not appear nor did anyone appear on their behalf. After the submission of evidence, the Bankruptcy Court considered the arguments of the case Trustee, counsel for the U.S. Trustee and the Bank's counsel. The Court entered an Order granting the Trustee's Motion on September 16, 2011. The plaintiffs appealed the Court's Order granting the Motion to Compromise to the Eighth Circuit Bankruptcy Appellate Panel on September 28, 2011,

Case No. 11-6067. The Eighth Circuit Bankruptcy Appellate Panel entered Judgment on April 9, 2012, affirming the Bankruptcy Court's approval of the Trustee's Motion. The plaintiffs appealed the Bankruptcy Appellate Panel's ruling to the Eighth Circuit Court of Appeals on May 9, 2012. The Eighth Circuit Court of Appeals summarily affirmed the Bankruptcy Appellate Panel's decision on August 7, 2012.

The compromise of the bankruptcy estate's claims against the Bank and the other released parties included "any and all claims" and specifically extended to "... failure to make loan disclosures, failure to comply with 20-day notice of rescission, violation regulation Z provisions of TILA ... (and the) Real Estate Settlement Procedures Act ("RESPA")..." The release included the Bank's "...Attorneys..." Accordingly, all the plaintiffs' claims against the Bank's attorney have been released.

For purposes of a motion to dismiss under F.R.Civ.P. 12(b)(6), the allegations of the Complaint will be presumed true. Richter v. Advance Auto Parts, 686 F.3d 847 (8th Cir. 2012). However, the allegations must allege sufficient facts "to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

Counts I and II of the complaint allege breach of federal Truth in Lending laws, 15 U.S.C. §1635(b). This court has previously dismissed plaintiffs' complaint against the Bank and other agents, 13cv2055 EJM, on this same claim, which dismissal was upheld on appeal, on the grounds that this claim was released. The release includes the Bank's "...Attorneys..."

Count III alleges breach of fiduciary duty. The above noted release releases defendant from "any and all claims", which would include Count III. In addition, the Bank's counsel does not owe a fiduciary duty to the plaintiffs, Stotts v. Eveleth, 688 N.W.2d 803, 811 (Iowa 2004), so no such duty could have been breached.

Lastly, in Count IV, plaintiffs allege Loss of Consortium. The above noted release releases defendant from "any and all claims", which would include Count IV. In addition, loss of consortium is not an independent cause of action, just a type of damages.

It is therefore

ORDERED

Dismissed.

December 18, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT